IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

CHRISTOPHER MICHAEL HINSHAW      §

VS.                                                          §            CIVIL ACTION NO.  9:22-CV-22

JOHN FREDERICK, ET AL.                     §

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Christopher Michael Hinshaw, an inmate previously confined at the Wainwright

Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID),

proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983

against John Frederick, Mohammed Abubakari, James Davis, and Darron Lane.

The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for

findings of fact, conclusions of law, and recommendations for the disposition of the case.

Defendants Davis and Lane filed a Motion for Summary Judgment. (Doc. #32.) This Report

and Recommendation considers the merits of the Motion for Summary Judgment and Plaintiff's

Responses (doc. #41 and doc. #42).

Factual Background

Plaintiff alleges he was assaulted by Defendants Frederick and Abubakari on May 27, 2021,

while he was confined at the Wainwright Unit.  Plaintiff alleges Defendant Abubakari handcuffed

Plaintiff because he believed Plaintiff was in possession of contraband while working in the kitchen.

Defendant Abubakari then escorted Plaintiff to the lieutenant's office.  Defendant Frederick was the

lieutenant on duty.  Defendant Abubakari told Defendant Frederick that he found contraband in

Plaintiff's possession.  Plaintiff denied that he had contraband.  Defendant Frederick allegedly

responded that he believed Plaintiff was lying, and that he would hit Plaintiff in the mouth if he did

not stop lying.  After Plaintiff again denied possessing contraband, Defendant Frederick allegedly

began punching Plaintiff in the head and then shoved him into the wall.  Plaintiff fell onto the floor,

and Defendant Frederick pulled him up to a standing position.  Plaintiff alleges Defendant Frederick

again questioned him.  When Plaintiff denied possessing contraband, he alleges Defendant Frederick

grabbed Plaintiff by the throat, pushed him against the wall, and punched him in the head repeatedly.

Plaintiff alleges Defendant Frederick threw Plaintiff down to the floor and attempted to stomp on

Plaintiff.  Plaintiff alleges Defendant Abubakari watched the assault without intervening until

Plaintiff began to struggle to protect himself.  At that point, Defendant Abubakari allegedly grabbed

Plaintiff's leg and began stomping on Plaintiff's hands. After the alleged assault, Defendant

Frederick told Defendant Abubakari to go back to the kitchen.  Defendant Frederick allegedly took

a photograph of Plaintiff's facial injuries, instructed Plaintiff and Defendant Abubakari to tell people

the injuries were caused by a door hitting Plaintiff at work, and then sent Plaintiff to his cell.

Plaintiff alleges Defendant Lane, the kitchen supervisor, was responsible for the incident because

he created a policy of allowing violence against inmates.

On May 28, 2021, Plaintiff was questioned about his injuries by a prison employee.  When

Plaintiff told the story about being injured by a door in the kitchen, the prison employee interrupted

him and asked if Defendant Frederick caused the injuries.  Plaintiff continued to say he was injured

by a door.  Plaintiff alleges he was taken to the medical department, and then escorted to the Use of

Force Office.  Defendant Davis, the Use of Force Captain, asked Plaintiff about the events of the

previous day.  Plaintiff alleges Defendant Davis and the other officers present seemed to know about

the assault, but Plaintiff continued to claim that a door caused his injuries. Plaintiff alleges

Defendant Davis threatened Plaintiff with disciplinary cases and other, unspecified consequences

if Plaintiff did not tell the truth about what happened. At that time, Plaintiff told Defendant Davis

that he had been assaulted by Defendants Frederick and Abubakari. Plaintiff was placed in

restrictive housing for protection and an Offender Protective Investigation was initiated. During the

investigation, Plaintiff alleges Defendant Davis allowed Defendant Frederick to submit a report

containing false statements regarding the incident.

## Defendants' Motion for Summary Judgment

Defendants Lane and Davis contend that they are entitled to summary judgment because

Plaintiff has not alleged that they were personally involved in using force against Plaintiff.

Defendants also contend that Plaintiff has not alleged any facts supporting a claim against them

based on their supervisory positions.

## Standard of Review

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate

"if the movant shows that there is no genuine issue as to any material fact and the movant is entitled

to judgment as a matter of law." FED. R. CIV. PRO. 56(a). A fact is material if it could affect the

outcome of the case under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986);

*Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 427 (5th Cir.

2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could

return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Instone Travel Tech*, 334 F.3d

at 427.

The party seeking summary judgment bears the initial burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 994 F.3d 704, 708 (5th Cir. 2021); *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003).

Because summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. Texas*, 929 F.2d 168, 170 (5th Cir. 1991). In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Naranjo v. Thompson*, 809 F.3d 793, 806 (5th Cir. 2015) (quoting *Murrell v. Bennett,* 615 F.2d 306, 311 (5th Cir. 1980)).

Analysis

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, causes a person to be deprived of a federally-protected constitutional right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Phillips v. Monroe Cnty.*, 311 F.3d 369, 373 (5th Cir. 2002). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured . . . .

42 U.S.C. § 1983. In order to state a cause of action under § 1983, a plaintiff must allege two elements. "First, the Plaintiff must allege that some person has deprived him of a federal right.

4

Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez*, 446 U.S. at 640.

Plaintiff must enunciate a set of facts that illustrate the defendants' participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). In this instance, Plaintiff does not allege facts demonstrating that Defendants were personally involved in the alleged use of excessive force. Plaintiff alleges Defendant Davis threatened him with adverse consequences if Plaintiff did not tell the truth about how he was injured, but threatening language does not violate the constitution. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983); *see also Walter v. Perkins*, No. 20-30547, 2021 WL 5458110 at *1 (Nov. 22, 2021) (unpublished) (holding that allegations of threats and "promises of violence" are insufficient to state a claim of retaliation or a violation of the Eighth Amendment).

It appears that Plaintiff is suing Defendants Davis and Lane because of their supervisory positions over the correctional officers who allegedly assaulted Plaintiff. Under § 1983, supervisory officials are not liable for subordinates' actions on any vicarious liability theory. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). A supervisor may be held liable only for implementing a policy that repudiates constitutional rights and the policy is the moving force of the constitutional violation. *Id*. Accepting Plaintiff's allegations as true, there is no basis to hold Defendants Davis or Lane liable in a supervisory capacity because the evidence does not support a finding that either Defendant implemented a constitutionally-deficient policy that resulted in Plaintiff's injuries. In addition, Plaintiff failed to allege any facts to support his conclusory assertion that Defendant Lane promoted a policy or custom of allowing the excessive use of force by kitchen employees.

Plaintiff alleges Defendants Davis and Lane should have known Defendants Abubakari and Frederick had a propensity for violence, which could be liberally construed as a claim that they failed to train or supervise their employees. A claim for failure to train or supervise may be cognizable under § 1983 if Plaintiff shows: (1) the defendant failed to train or supervise his subordinates; (2) a causal link exists between the failure to train or supervise and the violation of Plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference. *Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2008). A single instance of lack of training or supervision is generally not sufficient to demonstrate deliberate indifference. *Id*. A defendant cannot be held liable based on general allegations that the injury could have been prevented if the employees had received better or additional training. *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005). Rather, the plaintiff must demonstrate, with specificity, how a particular training program is defective. *Id.*

In this case, Plaintiff relies on his subjective belief that he would not have been assaulted if Defendants Lane and Davis had more closely supervised Defendants Frederick and Abubakari. The summary judgment evidence is insufficient to create a genuine issue of material fact that Defendants Lane or Davis failed to train or supervise their employees, which then caused the alleged constitutional violations.

Because the evidence does not create a genuine issue of material fact that Defendants Lane or Davis were personally involved in assaulting Plaintiff, that the assault was the result of a custom or policy implemented by them, or that the assault was caused by the failure to train or supervise Defendants Frederick and Abubakari, Defendants' Motion for Summary Judgment should be granted.

Recommendation

Defendants' Motion for Summary Judgment should be granted, and Defendants James Davis and Darron Lane should be dismissed from this action.

Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 22nd day of August, 2023.**


_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE